**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
*spencer@spencersheehan.com*

United States District Court
Eastern District of New York                                          1:19-cv-06733

| | |
|---|---|
| Andrew Kim, John Doe, individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br><br>       - against -<br><br>Trulia, LLC,<br><br>                 Defendant | Complaint |

Plaintiffs by attorneys alleges upon information and belief, except for allegations pertaining to plaintiffs', which are based on personal knowledge:

1.      Trulia, LLC ("defendant") operates one of the nation's leading real estate website which purports to make the process of buying and selling a home easier and more transparent.

2.      However, defendant's practices are unfair and deceptive towards traditional real estate brokers and listing agents and cause consumer confusion, economic harm and deception.

3.      Defendant's actions are equivalent of buying a billboard to advertise the listing of another real estate broker and including a picture of the property and telephone number for prospective buyers to call.

4.      Defendant does not request specific consent of the listing agent or firm prior to promoting their property with its Premier Agents.

5.      Defendant's practices make it less likely that a prospective homebuyer is able to

successfully contact the listing agent instead of the Premier Agents.

6.     When a prospective homebuyer searches for open houses in their desired area, the first few search engine results will be listings on defendant's website.

7.     When a prospective homebuyer clicks through to a property listing, defendant's website offers them prospective two options: (1) contacting a Premier Agent who they believe to be the listing agent on the property and/or (2) submission of their contact information which gets transmitted not to the listing agent but to defendant's employees who screen the lead through phone, text message or email, prior to forwarding it to a Premier Agent.

8.     Since Premier Agents have signed up with defendant, their contact information and their names and numbers are highlighted, along with their recent sales and a picture.

9.     In contrast, the listing agent information looks similar to a website that ceased updating in 2007 – gray, non-inviting and lifeless.

10.    The prospective homebuyer will eventually get contacted by the Premier Agent and will be unable to provide the information requested because the Premier Agents have no actual connection to the property being advertised, other than having paid defendant to be presented prominently next to the property.

11.    In fact, Premier Agents have economic incentives to direct, and do direct, their leads to properties where they, not the prospective homebuyers, get a better financial arrangement.

12.    These arrangements entail attempting to induce prospective purchasers into signing Buyer's Agent Agreements to maximize their commission.

13.    The laws which defendant has violated exist to protect the public from inept, inexperienced or dishonest persons who might perpetrate or aid in the perpetration of frauds in the brokerage and sale of real estate.

14.     The relevant laws require conspicuously and adequately disclosing the listing agents to prospective buyers.

15.     The purpose of this is to prevent prospective buyers from falling into the clutches of real estate agents who have no interest in selling them the property they viewed and no relation to or knowledge about the listing for which they submitted an inquiry.

<u>Jurisdiction and Venue</u>

16.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

17.     Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

18.     Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

19.     Plaintiff Andrew Kim is a citizen of New York.

20.     Defendant Trulia, LLC is a Delaware limited liability company with a principal place of business in San Francisco, San Francisco County, California and upon information and belief, at least one member of defendant is not a citizen of New York.

21.     This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

22.     Venue is proper because plaintiffs' and many class members reside in this District and defendant does business in this District and State.

23.     A substantial part of events and omissions giving rise to the claims occurred in this District.

<u>Parties</u>

24.     Plaintiff Andrew Kim is a citizen of Queens County, New York.

25.     Plaintiff John Doe Real Estate Broker ("Plaintiff Broker") has been a licensed real estate broker for at least the past three years, who oversees six real estate sales agents.

26.     Plaintiff Broker also works as a sales agent obtaining listing from the sellers and showing properties to buyers.

27.     During the class period, plaintiffs were engaged in the brokerage and sale of real estate.

28.     Properties for which plaintiffs were listing agents were placed on defendant's website without adequate, conspicuous and lawful disclosures designating them as the listing agents.

29.     Plaintiffs have not utilized defendant's services, which has caused them to suffer financial loss.

30.     As a result of Defendant's conduct, plaintiffs have lost numerous potential customers and will continue to lose customers and money until the illegal and deceptive practice is put to an end.

31.     Defendant is a Delaware limited liability company with a principal place of business in San Francisco, San Francisco County, California.

32.     Defendant is one of the largest real estate websites in the country in terms of average visitors per month.

<u>Class Allegations</u>

33.     The class will consist of all real estate brokers in New York.

34.     Common questions of law or fact predominate and include whether the

representations on defendant's website were likely to harm plaintiffs, the general public and if plaintiffs and class members are entitled to damages.

35. Plaintiffs' claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive actions.

36. Plaintiffs are adequate representative because their interests do not conflict with other members.

37. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

38. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

39. Plaintiffs' counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

40. Plaintiffs seek class-wide injunctive relief because the practices continue.

New York GBL §§ 349 & 350 (Consumer Protection from Deceptive Acts)

41. Plaintiffs incorporate by reference all preceding paragraphs.

42. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

43. Defendant's actions are harmful to prospective homebuyers by referring them to agents whose only connection to a desired property is that they paid the most money in a particular geographic area to defendant and lack knowledge of the listing and surrounding area.

44. Defendant's actions cause consumer confusion and financial harm, by inducing or attempting to induce them to sign Buyer's Agent Agreements.

45. Defendant's actions have a detrimental effect on licensed real estate brokers and those working for them since defendant's business model is based on Premier Agents paying to be

listed on properties which they are not the listing agents and obscuring the identities and contact information for the listing agents.

New York GBL § 340 ("Donnelly Act")

46. Plaintiffs incorporate by reference all preceding paragraphs.

47. The relevant market for real estate broker services is the state of New York.

48. Defendant enables and promotes the Premier Agents to do indirectly what it cannot do directly – advertise to and solicit prospective homebuyers based on the listings supplied by other real estate brokers, without permission.

49. When a prospective homebuyer clicks on a webpage connected with a property listing and supplies their contact information, this information is directed to defendant's employees, who screen them.

50. Defendant's employees then forward the leads to the Premier Agents.

51. This is contrary to standard advertising practices purchasers who have an arms-length relationship with the platform where they buy advertising.

52. Defendant fails to conspicuously disclose these facts to prospective purchasers to benefit the Premier Agents.

53. Though the Premier Agents have a cloak of independence from defendant, this is belied by their relationship.

54. Defendant selects Premier Agents from real estate brokers based on factors such as the number of homes sold within the previous year.

55. Defendant maintains the unilateral right to terminate Premier Agents and otherwise control or direct their conduct through tacit or other means.

56. These factors are the hallmarks of an employer-employee relationship with the

Premier Agents acting as real estate brokers under defendant.

57.    The effects of defendant's concerted efforts with Premier Agents is to prevent and/or hinder prospective buyers from having access to the listing agents.

58.    This causes consumer confusion and frustration, and immediately harms the listing agents who are not adequately disclosed in connection with the potential sale of a property.

59.    Prospective homebuyers are induced by defendant's employees to enter into Buyer's Agent agreements which typically include higher fees for the agent and result in less money spent on purchasing a home.

60.    Prospective homebuyers are hindered from viewing the properties they initially intended to, due to the skewed incentives of the relationship between defendant and Premier Agents.

61.    The Premier Agents, in turn, supply defendant with the monthly advertising revenues needed to consolidate control in the real estate industry, to the detriment of licensed real estate brokers and those operating for such licensed brokers.

<u>Unfair Competition</u>

62.    Plaintiffs incorporate by reference all preceding paragraphs.

63.    Defendant misappropriated the labors and expenditures of plaintiffs by failing to adequately disclose they were the listing agents.

64.    This caused harm to the listing agents by diverting leads and lost sales.

65.    Defendant's bad faith is evident by its efforts at promoting the "Premier Agent" program at the expense of listing agents, in knowing violation of law.

<u>Unjust Enrichment</u>

66.    Plaintiffs incorporate by reference all preceding paragraphs.

67.    Defendant obtained benefits and monies because they profited off the labor and

expenses of listing agents, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiffs demand a jury trial on all issues.

   **WHEREFORE**, Plaintiffs pray for judgment:

1. Declaring this a proper class action, certifying Plaintiffs as representatives and undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove and/or refrain from the challenged representations, restitution and disgorgement for members of the subclasses pursuant;

4. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and GBL claims, and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   November 28, 2019

                                        Respectfully submitted,

                                        Sheehan & Associates, P.C.
                                        /s/Spencer Sheehan

                                        Spencer Sheehan
                                        505 Northern Blvd., Suite 311
                                        Great Neck, NY 11021
                                        Telephone: (516) 303-0552
                                        Facsimile: (516) 234-7800
                                        *spencer@spencersheehan.com*
                                        E.D.N.Y. # SS-8533
                                        S.D.N.Y. # SS-2056

1:19-cv-06733
United States District Court
Eastern District of New York

Andrew Kim, John Doe, individually and on behalf of all others similarly situated,

Plaintiffs,

- against -

Trulia, LLC,

Defendant

## Complaint

```
Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0552
Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  November 28, 2019

/s/ Spencer Sheehan
Spencer Sheehan